UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES EARL VICK,

        Plaintiff,

  v.

DR. COLLIN MBANUGO, Doctor's Medical Center,

        Defendant.

Case No. 13-0209-VC (PR)

**ORDER OF DISMISSAL**

James Earl Vick, an inmate at San Quentin State Prison proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Collin Mbanugo, a surgeon at Doctor's Medical Center in San Pablo, California. On February 19, 2013, the Court inadvertently transferred this case to the Eastern District of California. On March 8, 2013, the Eastern District transferred this case back to this district. Vick had not filed a complete application to proceed in forma pauperis ("IFP") and, on April 21, 2014, the Clerk of the Court sent him a notice that his IFP application was incomplete. On May 14, 2014, Vick filed a completed IFP application, which is granted in a separate Order. The Court now reviews Vick's complaint.

**DISCUSSION**

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

1  the alleged violation was committed by a person acting under the color of state law. *West v.*
2  *Atkins*, 487 U.S. 42, 48 (1988).
3        Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
4  plaintiff can show that the defendant's actions both actually and proximately caused the
5  deprivation of a federally protected right. *Lemire v. California Dep't of Corrections &*
6  *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
7  1988). A person deprives another of a constitutional right within the meaning of section 1983 if
8  he does an affirmative act, participates in another's affirmative act or fails to perform an act which
9  he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844
10 F.2d at 633.

**II.   Vick's Allegations**

In his complaint, Vick alleges the following:

On August 18, 2011, Vick was transported by van from his prison to Doctor's Medical Center for what should have been routine hemorrhoid surgery. The surgery was performed by Mbanugo. Four hours after the surgery, Vick was transported back to his prison. During the drive back, Vick began to bleed profusely from the surgical site. After two hours of "tortuous and agonizing pain coupled with uncontrollable bleeding," the fire department was called to rush Vick to the nearest hospital. The bleeding, due to the "botched" surgery, could not be stopped and Vick was transported back to Doctor's Medical Center where the surgery had been performed. Staff at Doctor's Medical Center also could not stop the bleeding. Finally, reconstructive surgery was performed to remedy the problems. After the surgery, Vick remained in the hospital for four days during which he received a battery of tests and blood transfusions to remedy his severe loss of blood.

Mbanugo explained to Vick that his complications were the result of having hepatitis C. However, Mbanugo was aware of Vick's hepatitis C status before surgery. Because Mbanugo was aware that Vick's hepatitis C might cause complications from the surgery, Mbanugo should have provided a longer post-surgical observation period. By performing Vick's original surgery in a poor manner and discharging Vick within a few hours after surgery, Mbanugo exercised wanton

1  and reckless conduct that nearly cost Vick his life.

**III.    Vick's Claim of Deliberate Indifference to Serious Medical Needs**

Based on these allegations, Vick asserts against Mbanugo an Eighth Amendment claim for the deliberate indifference to Vick's serious medical needs.

To establish an Eighth Amendment violation based on the failure to attend to medical needs, a prisoner must allege both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992). A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). Instead, deliberate indifference involves a purposeful act or failure to act. *McGuckin*, 974 F.2d at 1060. Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. *Id.* at 1062.

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *Farmer*, 511 U.S. at 835-36 & n.4; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). A claim of medical malpractice or negligence is a state law claim which is insufficient to make out a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

1     This action must be dismissed because Vick fails to state a claim upon which relief may be granted under section 1983. Even assuming all the allegations in Vick's complaint are true, there is no indication that Mbanugo denied, delayed or interfered with Plaintiff's medical need. *See McGuckin*, 974 F.2d at 1060. Vick came to Mbanugo to have hemorrhoid surgery. Mbanugo did not deny his request, but proceeded to treat Vick by performing the surgery. When Mbanugo released Vick from the hospital four hours after the surgery, Vick was not bleeding; the bleeding began during the drive from the hospital back to the prison. Even assuming as true that the surgery resulted in the bleeding and the need for reconstructive surgery, Mbanugo's alleged incompetence in performing the surgery and his release of Vick four hours after the surgery when Vick was not bleeding, may constitute negligence, but is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61.

    Accordingly, the claim against Mbanugo must be dismissed for failure to state a federal claim. Dismissal is without leave to amend, as it does not appear that any additional allegations will remedy the noted deficiencies, but is without prejudice to re-filing in federal court as a paid complaint or in state court based on an alleged violation of state law.

## CONCLUSION

    Based on the foregoing, the Court orders as follows:

1. For the reasons stated above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b). Dismissal is without leave to amend, but is without prejudice to re-filing in federal court as a paid complaint or in state court based on an alleged violation of state law.

2. The Clerk of the Court shall enter judgment and close the file.

    **IT IS SO ORDERED.**

Dated: June 10, 2014

_____
VINCE CHHABRIA
United States District Judge